UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS; TEXAS HEALTH AND HUMAN SERVICES COMMISION, </br></br>       Plaintiffs, </br></br>v. </br></br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare & Medicaid Services; MEENA SESHAMANI, in her official capacity as Deputy Administrator and Director of Center for Medicare; DANIEL TSAI, in his official capacity as Deputy Administrator and Director of Medicaid and CHIP Services; THE CENTERS FOR MEDICARE & MEDICAID SERVICES; JOSEPH R. BIDEN, in his official capacity as President of the United States; UNITED STATES OF AMERICA; </br></br>       Defendants. | Case No. 2:21-CV-00229-Z |

**BRIEF OF TEXAS REPUBLICAN DELEGATION OF THE HOUSE KEVIN BRADY, ET AL. AS AMICI CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

MATTHEW R. MILLER
Texas Bar No. 24046444
mmiller@texaspolicy.com
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728
*Attorneys for Amici Curiae*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

IDENTITY OF PARTIES AND COUNSEL ........................................................................... iv

STATEMENT OF INTEREST OF *AMICI CURIAE* ................................................................ 1

EXECUTIVE SUMMARY ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

    I.       Background. ................................................................................................................. 3

    II.      Texas has a healthcare worker shortage, and it is particularly severe in rural communities. ................................................................................................................ 4

    III.     The CMS Vaccine Mandate creates a grave danger of exacerbating this shortage, resulting in a less-capable healthcare system. .......................................................... 5

CONCLUSION .......................................................................................................................... 7

# TABLE OF AUTHORITIES

**Regulations & Statutes:**                                                                                                  **Page:**

86 Fed. Reg.

   § 61,555……………………………………………………………………………3
   § 61,569-70…………………………………………………………………………..3
   § 86 Fed. Reg. at 61,571……………………………………………………………3
   § 61,574……………………………………………………………………………..4


**Other Authorities:**

*Path Out of the Pandemic: President Biden's COVID-19 Action Plan*,
  https://www.whitehouse.gov/covidplan/ (last accessed November 23,
  2021)……………………………………………………………………..…………..4

Pia Orrenius and James Lee, *Supply-Chain Woes, Labor Shortages and COVID-19 Slow
  Resilient Texas Economy*, Federal Reserve Bank of Dallas (Sept. 30, 2021),
  https://www.dallasfed.org/research/economics/2021/0930 (last accessed November 23,
  2021)……………......……………………………….…………………..………………5

*Notice of Availability of Funds and Funding Opportunity Announcement for: H-1B Rural
  Healthcare Grant Program*, Employment and Training Administration, U.S. Department
  of Labor, at 5, available at https://www.tha.org/Portals/0/files/Issues/workforce/FOA-
  ETA-20-12.pdf?ver=2020-10-12-151517-997 (last accessed November 23,
  2021)……………………………………………………………………………………5

*Workforce*, Texas Hospital Association, https://www.tha.org/Public-Policy/Issues/Workforce
  (last accessed November 23, 2021)   ……………………………………………….…6

Roger A. Rosenblatt and L. Gary Hart, *Physicians and Rural America*, Western Journal of
  Medicine (November 2000), available at
  https://www.ncbi.nlm.nih.gov/pmc/articles/PMC1071163/ (last accessed November 23,
  2021)…………………………………………….……………………………….….6

*Rural Issues*, Texas Hospital Association, https://www.tha.org/Public-Policy/Issues/Rural-Issues
  (last accessed November 23, 2021)……………………………………………………6

*Rural Hospital Financing*, Texas Hospital Association, available at https://www.tha.org/Public-
  Policy/Issues/Rural-Issues (last accessed November 23,
  2021)…………………………………………………………………………………..7

## IDENTITY OF PARTIES AND COUNSEL

The parties and their counsel are correctly identified in the Plaintiffs' Motion for Preliminary Injunction. *Amici curiae* United States Representatives Kevin Brady, Michael Burgess, Dan Crenshaw, Jake Ellzey, Pat Fallon, Louie Gohmert, Ronny L. Jackson, M.D., August Pfluger, Chip Roy, Pete Sessions, Roger Williams, and Beth Van Duyne (the "Texas Representatives") are represented by following counsel:

MATTHEW R. MILLER
mmiller@texaspolicy.com
Texas Bar No. 24046444
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

## STATEMENT OF INTEREST OF *AMICI CURIAE*[1]

*Amici* are 12 United States Representatives:

- Representative Kevin Brady represents the 8th Congressional District of Texas.

- Representative Michael C. Burgess, M.D., represents the 26th Congressional District of Texas.

- Representative Dan Crenshaw represents the 2nd Congressional District of Texas.

- Representative Jake Ellzey represents the 6th Congressional District of Texas.

- Representative Pat Fallon represents the 4th Congressional District of Texas.

- Representative Louie Gohmert represents the 1st Congressional District of Texas.

- Representative Ronny L. Jackson, M.D., represents the 13th Congressional District of Texas.

- Representative August Pfluger represents the 11th Congressional District of Texas.

- Representative Chip Roy represents the 21st Congressional District of Texas.

- Representative Pete Sessions represents the 17th Congressional District of Texas.

- Representative Roger Williams represents the 25th Congressional District of Texas.

- Representative Beth Van Duyne represents the 24th Congressional District of Texas.

Each of these representatives have heard grave concerns from their constituents, healthcare workers, hospitals, and patient advocates regarding the impact that the Centers for Medicare and Medicaid Services' ("CMS") Interim Final Rule with Comment Period entitled "Medicare and

---

[1] No party's counsel authored this brief in whole or part. No party or party's counsel contributed money that was intended to fund preparing or submitting this brief, and no person other than *amici curiae* and their counsel contributed money that was intended to fund preparing or submitting this brief. All parties have consented to the filing of this brief.

1

Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination," 86 Fed Reg. 61,555 (Nov. 5, 2021), will have on their districts, and the Medicaid program in Texas.

The interim rule ("CMS Vaccine Mandate") imposes an unprecedented federal vaccine mandate on nearly every full-time employee, part-time employee, student, intern, volunteer, and contractor working at healthcare facilities receiving Medicare or Medicaid funding. Consistent with their interests in protecting vulnerable patient populations in Texas, and ensuring higher quality health care for all Texans, *amici* have a compelling interest in emphasizing to the Court the impact the CMS Vaccine Mandate will have on Texas's ability to meet the healthcare needs of their constituents and ensure the continued operation of healthcare providers who rely on the Medicaid and Medicare programs.

## EXECUTIVE SUMMARY

This Court should act immediately and grant the State of Texas's motion for a temporary restraining order and preliminary injunction. (Doc. 6). *Amici* support the Court granting Plaintiffs' motion to ensure that Texans maintain access to healthcare while this case is pending. Texas's healthcare workforce has been strained long before the COVID-19 pandemic and allowing the CMS Vaccine Mandate to take effect will only further exacerbate the shortage. This is particularly true for Texas's rural communities, where healthcare worker shortages are longstanding and severe. The CMS Vaccine Mandate is unconstitutional and forces hospitals and providers to make an impossible decision: comply with the mandate and risk losing vital doctors or nurses, or defy the mandate and risk losing vital Medicare and Medicaid funding. Given the grave harms of allowing the mandate to go into effect, the Court, at a minimum, should grant Plaintiffs' motion for a preliminary injunction.

**ARGUMENT**

**I.      Background.**

On September 9, 2021, President Joseph Biden announced his plan to direct CMS to "require COVID-19 vaccinations for workers in most healthcare settings that receive Medicare or Medicaid reimbursement, including but not limited to hospitals, dialysis facilities, ambulatory surgical settings, and home health agencies." *Path Out of the Pandemic: President Biden's COVID-19 Action Plan*, https://www.whitehouse.gov/covidplan/ (last accessed November 23, 2021). According to the plan, the CMS Vaccine Mandate would affect "over 17 million" healthcare workers. *Id.* This "cover[s] a majority of health care workers across the country." *Id.*

CMS published the mandate on November 5, 2021,. 86 Fed. Reg. 61,555. It covers a wide array of health care facilities, including Medicare- and Medicaid-certified providers and suppliers such as hospitals, long-term care facilities, and home health agencies. *Id.* at 61,569-70. Unlike the OSHA vaccine mandate for large private employers, there is no testing alternative to vaccination. Employees face a stark choice: agree to be injected with a vaccine or lose their job. The CMS Vaccine Mandate requires non-exempt staff to receive the first dose of the vaccine by December 6, 2021, and be fully vaccinated by January 4, 2022. 86 Fed. Reg. at 61,571. In addition, it requires a number of administrative burdens, including tracking the vaccination status and booster shots of all employees. *Id.* Failure to comply will result in monetary penalties, denial of payment, and, potentially, termination of the Medicare/Medicaid provider agreements. *Id* at 61,574.

Recognizing the federal government's lack of authority for issuing this mandate, Texas Attorney General Ken Paxton filed a lawsuit against Biden Administration, raising 10 counts. (Doc. 1).

## II. Texas has a healthcare worker shortage, and it is particularly severe in rural communities.

Texas is suffering from a labor shortage in all industries. Pia Orrenius and James Lee, *Supply-Chain Woes, Labor Shortages and COVID-19 Slow Resilient Texas Economy*, Federal Reserve Bank of Dallas (Sept. 30, 2021), https://www.dallasfed.org/research/economics/2021/0930 (last accessed November 23, 2021). The labor shortage in the healthcare industry is severe, and has been ongoing since long before the COVID-19 pandemic. *Notice of Availability of Funds and Funding Opportunity Announcement for: H-1B Rural Healthcare Grant Program*, Employment and Training Administration, U.S. Department of Labor, at 5, available at https://www.tha.org/Portals/0/files/Issues/workforce/FOA-ETA-20-12.pdf?ver=2020-10-12-151517-997 (last accessed November 23, 2021) ("The COVID-19 Pandemic has increased the need for healthcare workers, particularly in rural areas where there was already an acute need.").

Texas is growing twice as fast as the national average and people are living longer, resulting in more chronic illnesses. *Workforce*, Texas Hospital Association, https://www.tha.org/Public-Policy/Issues/Workforce (last accessed November 23, 2021). The shortage of primary care physicians and other specialists is "well-document[ed]," as more than 80 percent of Texas counties have designated mental health professional shortages and about 40 percent of Texas counties do not have enough primary care physicians. *Id.* A shortage of nurses and other allied health professionals also contribute to this problem. *Id.*

The problem in rural Texas communities is particularly severe. "The relative shortage of physicians in rural areas of the United States is one of the few constants in any description of the US medical care system." Roger A. Rosenblatt and L. Gary Hart, *Physicians and Rural America*, Western Journal of Medicine (November 2000), available at

https://www.ncbi.nlm.nih.gov/pmc/articles/PMC1071163/ (last accessed November 23, 2021). Seventy percent of Texas counties are considered rural. *Rural Issues*, Texas Hospital Association, https://www.tha.org/Public-Policy/Issues/Rural-Issues (last accessed November 23, 2021). Generally, these counties have populations with lower rates of health insurance. *Id.* The hospitals in rural counties are especially dependent on Medicare and Medicaid funding, as they serve disproportionately older and lower-income populations. *Rural Hospital Financing*, Texas Hospital Association, available at https://www.tha.org/Public-Policy/Issues/Rural-Issues (last accessed November 23, 2021).

The risk of losing Medicaid and Medicare funding is creating significant uncertainty for rural communities. Of the 600 hospitals in Texas, 160 are in rural communities. *Id.* Eighty-five of those hospitals are federally designated "critical access hospitals," meaning hospitals that have fewer than 25 acute care inpatient beds, are located more than 35 miles from another hospital, maintain an average length of stay of 96 hours or less for acute care patients, and provide 24/7 emergency care services. *Id.* Texas already leads the nation in rural hospital closures, with 19 rural hospitals closing their doors since 2013 while other rural hospitals have limited important services, such as labor and delivery. *Id.*

**III.    The CMS Vaccine Mandate creates a grave danger of exacerbating this shortage, resulting in a less-capable healthcare system.**

As outlined in the Plaintiffs' Brief in Support of a Motion for Temporary Restraining Order and Preliminary Injunction, the CMS Vaccine Mandate is an illegal and egregious overreach of federal power. (Doc. 7). To deprive our healthcare workers of the right to make their own medical decision regarding the COVID-19 vaccine—especially after many have served, at great sacrifice and risk to themselves, on the frontlines of the COVID-19 pandemic for more than 20 months—is outrageous, insulting, and coercive. The Administration's decision to put healthcare workers in the

5

position of losing their livelihood or agreeing to be injected with a vaccine at a time when our healthcare system is stretched so thin shows the federal government is wildly out of touch with the people it supposedly serves.

Additionally, an injunction should be entered because the mandate will further exacerbate the healthcare staffing shortage facing Texas communities, especially rural ones. This is not a hypothetical concern. As the experience of other states have shown, vaccine mandates result in losing valuable employees,[2] and it will put providers in the impossible position of complying with the mandate and losing vital staff or defy the mandate and risk losing vital Medicaid and Medicare funding. This is an unacceptable situation and was brought about by the Administration's decision to implement the mandate and then put it on an extremely aggressive timeline. Healthcare workers have only one month from the time the mandate was announced to make their decision.[3] The Court

---

[2] *See The Vaccine Mandate for Healthcare Workers Means Hospitals are Losing Staff*, National Public Radio (September 27, 2021), https://www.npr.org/2021/09/27/1040983300/the-vaccine-mandate-for-healthcare-workers-means-hospitals-are-losing-staff; *Will the Vaccine Mandate Affect the Labor Shortage*, Wall Street Journal (Sept. 16, 2021), https://www.wsj.com/podcasts/the-journal/will-the-vaccine-mandate-affect-the-labor-shortage/23fb103a-3ff3-4c22-97be-649003700cfc; Aug. 29-Sept. 1, 2021, Washington Post-ABC News Poll (Sept. 8, 2021), https://www.washingtonpost.com/context/aug-29-sept-1-2021-washington-post-abc-news-poll/899d77db-ef60-46c9-b028-8f3298df8659/?itid=lk_inline_manual_2 (Showing 42% of unvaccinated employees will quit if required to be vaccinated before coming in to work); Sharon Otterman and Joseph Goldstein, *New York Hospitals face Possible Mass Firings as Workers Spurn Vaccines* (Updated Oct. 4, 2021), New York Times https://www.nytimes.com/2021/09/24/nyregion/coronavirus-hospitals-vaccines.html; Sarah Toy, *Why Some Healthcare Workers Would Rather Lose Their Jobs Than Get Vaccinated* (Oct. 22, 2021), Wall Street Journal, https://www.wsj.com/articles/covid-19-vaccinations-healthcare-workers-refuse-risk-jobs-11634915929?mod=e2tw.

[3] This has, unfortunately, become standard practice for this administration, as its announce-regulations-first-worry-about-legality-later approach to handling the COVID-19 pandemic has resulted in repeated judicial rebukes. *See BST Holdings, L.L.C. v. OSHA*, No. 21-60845, 2021 U.S. App. LEXIS 33698 (5th Cir. Nov. 12, 2021) (granting a stay of OSHA's vaccine mandate for private employers because it was not authorized by statute and likely would not pass constitutional muster); *Alabama Assoc. of Realtors v. Dept. of Health and Human Serv.*, No-21A23, 594 U.S. __ (2021) (concluding the CDC's eviction moratorium exceeded its authority).

should grant the stay to allow time to resolve the crucial legal issues raised before forcing our healthcare workers to choose between agreeing to be injected with a vaccine or losing their livelihoods.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for a temporary restraining order and preliminary injunction.

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2021, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and will be served on counsel for all parties by operation of the Court's electronic filing system.

                                               */s/ Matthew R. Miller*
                                               Matthew R. Miller