IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 2:21-CV-00229-Z |
| | ) |
| XAVIER BECERRA, in his official capacity | ) |
| as Secretary of the United States Department | ) |
| of Health and Human Services, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS**

Defendants move to stay further proceedings in this Court while the issues in this case are considered by the Supreme Court and the Fifth Circuit. A stay of further proceedings will promote efficiencies both for the Court and the parties as follows:

1. On November 16, 2021, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction challenging an interim final rule with comment period issued by the Centers for Medicare and Medicaid Services ("CMS"), 86 Fed. Reg. 61,555 (Nov. 5, 2021), which directs certain health care facilities that receive Medicaid or Medicare funding to have policies in place to ensure that their staff either be vaccinated against COVID-19 or request and obtain a religious or medical exemption from vaccination. ECF No. 6. Defendants opposed the motion. ECF No. 32. Upon the entry of a nationwide preliminary injunction by the United States District Court for the Western District of Louisiana, *see Louisiana v. Becerra*, -- F. Supp. 3d --, 2021 WL 5609846 (W.D. La. Nov. 30, 2021), Defendants filed a motion to stay proceedings in this case. ECF No. 35. This Court granted Defendants' motion on December 3, 2021. ECF No. 43. "By that Order, the Court stayed and administratively closed the case due to the Western District of Louisiana nationwide injunction of the CMS Vaccine Mandate." ECF No. 55.

2. While this Court's stay remained in place, the Fifth Circuit narrowed the geographic scope of the *Louisiana* court's nationwide preliminary injunction by granting in part and denying in part the government's motion to stay the injunction pending appeal. *See Louisiana v. Becerra*, -- F.4th --, 2021 WL 5913302 (5th Cir. Dec. 15, 2021). The next day, the government submitted an application to the Supreme Court seeking a stay of the narrowed injunction. *See Becerra v. Louisiana*, No. 21-A-241 (U.S. application filed on Dec. 16, 2021). At the same time, the government submitted an application to the Supreme Court seeking a stay of a separate preliminary injunction that had been entered in a substantially similar case brought by ten states in the United States District Court for the Eastern District of Missouri, *see Missouri v. Biden*, -- F. Supp. 3d --, 2021 WL 5564501 (E.D. Mo. Nov. 29, 2021), after the government's motions to stay the preliminary injunction pending appeal were denied by the district court and the Eighth Circuit. *See Biden v. Missouri*, No. 21A240 (U.S. application filed Dec. 16, 2021). The Supreme Court consolidated the government's stay applications, and scheduled oral argument on the consolidated matter for January 7, 2022. *See Biden v. Missouri*, -- S. Ct. --, 2021 WL 6061692 (Dec. 22, 2021).

3. In yet another substantially similar challenge to the rule filed by the State of Florida in the U.S. District Court for the Northern District of Florida, the district court denied the State's motion for preliminary injunction, *Florida v. Dep't of Health & Human Services*, No. 3:21CV2722-MCR-HTC, 2021 WL 5416122, at *1 (N.D. Fla. Nov. 20, 2021), and the Eleventh Circuit denied the State's motion for preliminary injunction pending appeal. *Florida v. Dep't of Health & Human Services*, 19 F.4th 1271 (11th Cir. 2021).

4. All three preliminary injunction rulings (*Louisiana*, *Missouri*, and *Florida*) are currently on appeal. *See Louisiana v. Becerra*, No. 21-30734 (5th Cir.); *Missouri v. Biden*, No. 21-3725 (8th Cir.), and *Florida v. Dep't of Health & Human Services*, No. 21-14098 (11th Cir.). Defendants' deadline to appeal this Court's preliminary injunction is February 13, 2022, pursuant to Fed. R. App. P. 4(a)(B).

5. The parties in the *Florida* matter filed in the district court a joint motion to stay all proceedings pending appeal on the grounds that staying district court proceedings pending Florida's appeal would preserve the resources of the parties and that court. *Florida,* No. 3:21CV2722-MCR-

2

HTC (N.D. Fla.), ECF No. 21. The court granted the motion on December 13, 2021. *Id.*, ECF No. 24. Likewise, the government, with the consent of the plaintiff States in *Missouri*, filed in the district court a motion to stay all proceedings pending appeal. *See Missouri*, No. 4:21-cv-013290-MTS (E.D. Mo.), ECF No. 39. The court granted the motion on December 22, 2021. *Id.*, ECF No. 40. It "agreed with the parties that the Eighth Circuit's decision on appeal, as well as the Supreme Court's decision on the application for a stay, likely will guide further proceedings in this case." *Id.* at 2. It also concluded that "[s]taying the proceedings here pending the appeal will preserve the resources of the parties and this Court, and . . . the Court sees no potential prejudice or hardship to the parties that would warrant denying a stay of the proceedings." *Id.*

6. In this case, following the Fifth Circuit's order narrowing the scope of the Western District of Louisiana's preliminary injunction, this Court considered Plaintiffs' deferred motion for a temporary restraining order and preliminary injunction and granted it on December 16, 2021. ECF No. 53. However, this Court did not lift its previously entered stay and administrative closure of the case until December 28, 2021. ECF No. 55.[1]

7. This Court lifted its stay *sua sponte*. But there is no reason that the stay should not continue until the Fifth Circuit resolves the government's appeal in the *Louisiana* matter (and any appeal filed in this matter). This Court "is within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals." *See Trinity Indus., Inc. v. 188 L.L.C.*, No. CIV. 3:02–CV–405–H, 2002 WL 1315743, at *3 (N.D. Tex. June 13, 2002). That makes eminent sense here, as an appeal would be heard by the Fifth Circuit, any decision by the Fifth Circuit would likely bear on this matter, and Texas could protect its interests by participating as an *amicus curiae* in the appellate proceedings in the *Louisiana* matter.

8. Further, the *Missouri* court's reasoning behind its stay order in that case applies equally here: a stay of district court proceedings would preserve the resources of the parties and there is no potential

---

[1] The Court's stay and administrative closure of the case lasted twenty-five days, from December 3-28, 2021. Defendants understand that, by operation of that stay, all deadlines imposed by the federal and local rules of civil procedure were accordingly extended by twenty-five days.

3

prejudice or hardship to the parties that would warrant denying a stay of the proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Indeed, Defendants sought Plaintiffs' consent to this motion to stay, and undersigned counsel conferred with Plaintiffs' counsel about the scope of such a stay. Although Plaintiffs declined to consent to any stay proposed by Defendants, when asked, counsel did not identify any prejudice or hardship that Plaintiffs would suffer due to a stay, and no such prejudice exists.

Accordingly, for the reasons above and good cause shown, a stay of further proceedings is warranted until the Fifth Circuit resolves the appeal in the *Louisiana* matter (and any appeal filed in this matter).

A proposed order is attached.

Dated: January 4, 2022                                  Respectfully submitted,

                                                        BRIAN M. BOYNTON
                                                        Acting Assistant Attorney General

                                                        MICHELLE R. BENNETT
                                                        Assistant Branch Director
                                                        Federal Programs Branch

                                                        JOEL McELVAIN
                                                        D.C. Bar No. 448431
                                                        Senior Trial Counsel

                                                        JULIE STRAUS HARRIS
                                                        D.C Bar No. 1021298
                                                        Senior Trial Counsel

                                                        MICHAEL L. DREZNER
                                                        Va. Bar No. 83836
                                                        Trial Attorney

                                                        */s/ Jonathan D. Kossak*
                                                        JONATHAN D. KOSSAK
                                                        Trial Attorney

>D.C. Bar No. 991478
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>1100 L Street NW
>Washington, DC 20530
>Tel: (202) 305-0612
>Email: jonathan.kossak@usdoj.gov
>
>*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that from December 27-30, 2021, undersigned counsel for Defendants conferred with counsel for Plaintiffs, Cynthia Morales, regarding the substance of this motion. Plaintiffs oppose the relief requested in this motion.

*/s/ Jonathan D. Kossak*
JONATHAN D. KOSSAK