UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS; TEXAS HEALTH AND HUMAN SERVICES COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*,<br><br>Defendants. | Case No. 2:21-CV-00229-Z |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY FURTHER PROCEEDINGS

Defendants have moved to stay all further proceeding in this case pending the Fifth Circuit's resolution of *Louisiana v. Becerra*.[1] Dkt. No. 56. The circumstances of this case do not justify a stay. Defendants' motion, therefore, should be denied.

### I.   INTRODUCTION

Plaintiffs the State of Texas and the Texas Health and Human Services Commission ("Texas") moved for a preliminary injunction in this case to prevent Defendants from implementing and enforcing the Centers for Medicare and Medicaid Services' Interim Final Rule with Comment Period entitled "Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination." 86 Fed. Reg. 61,555 ("CMS Vaccine Mandate"). Dkt. No. 6. While that

---

[1] 21-30734 (5th Cir.).

motion was pending, a Louisiana district court entered a nationwide injunction preventing Defendants from implementing and enforcing the CMS Vaccine Mandate in a similar case brought by Louisiana and thirteen other states. *See Louisiana v. Becerra*, -- F. Supp. 3d --, 2021 WL 5609846 (W.D. La. Nov. 30, 2021). After Defendants filed a motion to stay the Louisiana district court's injunction, the Fifth Circuit effectively narrowed the scope of the injunction—denying the motion as to the states that were parties to the suit but granting the motion as to the remaining states, including Texas. *See Louisiana v. Becerra*, -- F.4th -- , 2021 WL 5913302 (5th Cir. Dec. 15, 2021). That same day, this Court granted Texas's motion for preliminary injunction, finding that Texas was likely to succeed on the merits of its claims, that Texas will suffer irreparable harm in the absence of the relief requested, and that the balance of equities and the public interest weighed in Texas's favor. *See Texas v. Becerra*, -- F. Supp.3d --, 2021 WL 5964687 (N.D. Tex. Dec. 15, 2021). Defendants have not appealed the Court's order.

Following the Fifth Circuit's denial of Defendants' motion to stay in the *Louisiana* case, Defendants submitted an application to the Supreme Court seeking a stay of the narrowed injunction. *See Becerra v. Louisiana*, No. 21-A-241 (U.S. application filed on Dec. 16, 2021). Defendants also filed an application in the Supreme Court seeking a stay of an injunction entered by a Missouri district court in a similar case brought by ten states challenging the CMS Vaccine Mandate after Defendants unsuccessfully moved to stay proceedings pending appeal in both the Missouri district court and the Eighth Circuit. *See Biden v. Missouri*, No. 21A240 (U.S. application filed Dec. 16, 2021). The Supreme Court consolidated Defendants' stay applications and scheduled oral argument on those cases for January 7, 2022. *See Biden v. Missouri*, -- S. Ct. --, 2021 WL 6061692 (Dec. 22, 2021).

Yesterday, Defendants filed a motion to stay all further proceedings in this case. Dkt. No. 56. Defendants ask the Court to stay further proceedings in this case until the Fifth Circuit resolves the *Louisiana* case "and any appeal filed in this matter." Dkt. No. 56 at 4.[2]

## II.   RESPONSE

Defendants argue that a stay is appropriate in part because Texas has not identified any prejudice or hardship it would suffer from a stay. Dkt. No. 56 at 4. But that is not Texas's burden as the nonmovant. Rather, *Defendants*, as the movants, must show *they* will endure hardship or inequity in the absence of a stay. *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). They make no such showing here.

A district court has discretion to stay proceedings on its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* In some instances, a stay pending the outcome of litigation in another court between the same parties, involving the same controlling issues, "is an acceptable means of avoiding unnecessary duplication of judicial machinery." *ACF Industries, Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967).

But the burden is squarely on the party seeking the stay to show that there is a pressing need for a delay. *Landis*, 299 U.S. at 255. The Fifth Circuit has held that the movant must show a *clear case* of hardship or inequity in being required to go forward. *See Wedgeworth*, 706 F.2d at 545.

---

[2] It is unclear what Defendants mean by "any appeal filed in this matter," as their proposed order seeks a stay pending only resolution of the *Louisiana* case. Dkt. No. 56-1. To the extent Defendants seek a stay pending their appeal in *this* case—an appeal they have not taken—they provide no justification for any such stay.

3

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

Here, Defendants have made *no* showing that there is a need to delay proceedings in this case—let alone a pressing one. Nor have they demonstrated a clear case of hardship or inequity in being required to proceed in this case while their appeal in a separate case proceeds in the Fifth Circuit. Instead, they focus on a purported *lack* of prejudice to Texas that would result in the event of a stay. That rationale impermissibly flips the proper stay analysis on its head. And in any event, Defendants' assertions on that point are incorrect.

Should a stay be imposed, the harm to Texas is evident. By CMS's own admission, its vaccine mandate has "near-universal applicability" to all healthcare staff—including all healthcare staff in Texas. 86 Fed. Reg. at 61,573. Staying this litigation would prolong the uncertainty Texas healthcare facilities have experienced as a result of the vaccine mandate. As this Court has acknowledged, "the CMS Mandate will likely cause significant job loss or termination." *See Texas*, 2021 WL 5964687, at *12. Although Texas has obtained preliminary injunctive relief, it has not obtained permanent relief. Until Texas is able to obtain such relief, the threat of the CMS Vaccine Mandate looms over the heads of Texas healthcare facilities and its employees. So too do the mandate's likely consequences: significant job loss, termination, and suspension of medical services for Texas citizens. Making matters worse, Defendants have essentially requested an indefinite stay of proceedings. There is no indication as to when the Fifth Circuit proceedings in the *Louisiana* case will be resolved, much less any Supreme Court proceedings if a further appeal ensues. The Fifth Circuit has made clear that stay orders should not be "immoderate or of an indefinite duration." *Wedgeworth*, 706 F.2d at 545. Yet that is precisely the type of stay Defendants

seek. *See McCall v. Peters*, No. Civ.A. 3:00-CV-2247-D, 2003 WL 22083507, at *2 (N.D. Tex. Feb. 18, 2003) ("Plaintiff also fails to state the potential duration of the requested stay. Thus, granting Plaintiff's motion at this time would create a stay of indefinite duration."). That is yet another reason this Court should deny Defendants' motion.

Additionally, Defendants contend that "any decision by the Fifth Circuit would likely bear on this matter, and Texas could protect its interests by participating as an *amicus curiae* in the appellate proceedings in the *Louisiana* matter." Dkt. No. 56 at 3. While certainly optimistic, that supposition is misguided. Texas was not a party to the *Louisiana* case. The Louisiana district court relied on an evidentiary record specific to the Plaintiff states in that case in entering its preliminary-injunction order. Likewise, this Court relied on Texas-specific evidence to determine that Texas was entitled to a preliminary injunction in this case. With differing evidentiary records, it is far from certain that the Fifth Circuit's resolution of the *Louisiana* case would control the resolution in this case. And in the meantime, Texas would be left in limbo—unable to vindicate its rights and protect its citizens in the face of an unprecedented and unlawful instance of federal overreach.

Finally, while Defendants reference the current Supreme Court proceedings in both the *Louisiana* and *Missouri* cases, they do not seek a stay pending the resolution of those matters. In the event this Court does grant a stay, any such stay should be related to the cases pending before the Supreme Court. Argument in those cases is scheduled for January 7, 2022. This Court could issue a stay of an express duration in anticipation of a speedy resolution of the *Louisiana* and *Missouri* matters in the Supreme Court. Should the Supreme Court proceedings remain pending at the expiration of the stay, the Court could reconvene the matter to determine if the stay should

5

be extended. While Texas believes *any* stay in this case is inappropriate, a stay of an express duration is far more reasonable than the indefinite stay Defendants propose.

### III.  CONCLUSION

Texas has an interest in a prompt and efficient resolution to this case. Since Defendants have not met their burden to show a clear need for a stay of proceedings, their motion should be denied, and the case should proceed in a normal fashion.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant
Attorney General

Lesley French
Chief of Staff

Patrick Sweeten
Chief, Special Litigation Unit

Office of the Attorney General
P.O. Box 12548 (MC-059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

/s/ Landon A. Wade
Landon A. Wade
Assistant Attorney General
Texas Bar No. 24098560
landon.wade@oag.texas.gov

Jeffrey M. White
Special Counsel for Special Litigation
Texas Bar No. 24064380
jeff.white@oag.texas.gov

Cynthia A. Morales
Texas Bar No. 14417420
cynthia.morales@oag.texas.gov

Johnathan Stone
Texas Bar No. 24071779
jonathan.stone@oag.texas.gov

Christina Cella
Texas Bar No. 24106199
christina.cella@oag.texas.gov

Clayton Watkins
Texas Bar No. 24103982
clayton.watkins@oag.texas.gov

Amy Wills
Texas Bar No. 24093379
amy.wills@oag.texas.gov
Assistant Attorneys General

Beth Klusmann
Texas Bar No. 24036918
beth.klusmann@oag.texas.gov
Assistant Solicitor General

*Counsel for Plaintiffs*

## Certificate of Service

I certify that a true and accurate copy of the foregoing document was filed and served electronically (via CM/ECF) on all parties of record on January 5, 2022.

*/s/ Landon A. Wade*
Landon A. Wade
